UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SCVNGR, INC. d/b/a LEVELUP<br><br>　　　　　　　Plaintiff,<br>v.<br><br>DAILYGOBBLE, INC. d/b/a RELEVANT<br><br>　　　　　　　Defendant. | Civil Action No. 1:16-cv-00134-M-LDA<br><br>**Oral Argument Requested** |

**PLAINTIFF SCVNGR, INC.'S D/B/A LEVELUP'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE SECOND AFFIRMATIVE DEFENSE**

Plaintiff SCVNGR, Inc. d/b/a LevelUp ("LevelUp"), through its undersigned attorneys, hereby submits this Memorandum of Law in support of its Motion to Strike the Second Affirmative Defense asserted in the Answer (Dkt. No. 15) of defendant DailyGobble, Inc. d/b/a Relevant ("Relevant").

**I.    INTRODUCTION**

LevelUp requests that this Court strike Relevant's Second Affirmative Defense of "*Invalidity*" pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, because Relevant's answer fails to satisfy the pleading standards of Rule 8. Relevant's Second Affirmative Defense asserts a single conclusory allegation of "*Invalidity*" that does not identify any claim of the asserted patent, nor any specific grounds for invalidity. For this reason, as explained further below, this Court should strike the insufficient Defense.

**II.    THE COURT SHOULD STRIKE RELEVANT'S SECOND AFFIRMATIVE DEFENSE**

Relevant's Second Affirmative Defense asserts, in a single sentence, that an unspecified number of claims of LevelUp's Patent No. 8,924,260 ("the '260 patent") are invalid pursuant to

1

any, or all, of the provisions of the the Patent Act:

> One or more of the claims of the patent-in-suit are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. § 101 *et seq.*

Relevant Answer, Dkt. No. 15, p. 4.

Trial courts repeatedly hold that this type of bare-bones assertion of patent invalidity, based on nothing more than a citation to the Patent Act, is insufficient to satisfy the pleading requirements of Rule 8. Both before and after the Supreme Court's decisions in *Twombly* and *Iqbal*, trial courts have held that a defendant pleading a defense of patent invalidity must identify at least some ***facts***, beyond mere statutory citations, demonstrating a plausible basis for its assertion of invalidity. *See e.g., Info. Planning & Mgmt. Serv. Inc. v. Dollar Gen. Corp.*, No. 2:15-cv-206, 2016 WL 69902, at *5 (E.D. Va. Jan. 5, 2016) (striking invalidity defense containing only citation to sections of Patent Act); *GE Lighting Solutions, LLC v. Lights of Am., Inc.*, No. 1:12–CV–3131, 2013 WL 1874855, at *2 (N.D. Ohio May 3, 2013) (dismissing invalidity counterclaim for lack of factual support); *Sliding Door Co. v. KLS Doors, LLC,* No. EDCV 13–00196 JGB, 2013 WL 2090298, * 4 (C.D. Cal. May 1, 2013) (dismissing invalidity counterclaim and striking affirmative defense for lack of factual support); *Senju Pharm. v. Apotex*, No. 12–159–SLR, 2013 WL 444928, at *4 (D. Del. Feb.6, 2013) (dismissing invalidity counterclaims for lack of factual support); *PageMelding, Inc. v. ESPN, Inc*., No. C 11-06263 WHA, 2012 WL 3877686, at *3 (N.D. Cal. Sept. 6, 2012) (dismissing invalidity counterclaim and striking affirmative defense for lack of factual support); *ACCO Brands USA LLC v. Hewlett-Packard Co.*, No. SA CV 11-0275 DOC, 2011 WL 11745707, at *3 (C.D. Cal. Sept. 27, 2011) ("conclusory [citation to Patent Act] does not put Plaintiff on notice of which statutory bars it may face, nor is the statement backed up with any factual allegations, even on information and belief"); *Xilinx, Inc. v. Invention Inv. Fund I LP*,

No. C 11-0671 SI, 2011 WL 3206686, at *6 (N.D. Cal. July 27, 2011) ("bare-bones recitation of statutes does not meet the requirements of *Twombly* and *Iqbal*"); *Sorensen v. Spectrum Brands, Inc.*, 2009 U.S. Dist. LEXIS 119435 (S.D. Cal. Dec. 23, 2009) (striking affirmative defenses under *Iqbal* standard because it only pleaded that "one or more claims of the [patent at issue] are invalid for failure to comply with the conditions of patentability set forth in title 35 of the United States Code, including §§ 101, 102, 103 and/or 112"); *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1050 (N.D. Cal. 2004) (striking affirmative defenses and dismissing counterclaim for invalidity based solely on statutory citation as "radically insufficient"); *Advanced Cardiovascular Sys., Inc. v. Skimmed Sys., Inc.*, No. C-96-0950 DLJ, 1996 U.S. Dist. LEXIS 11702, at *7-8 (N.D. Cal, July 24, 1996)) (dismissing declaratory judgment complaint alleging that "the [asserted] patent is invalid and invalid under the provisions of Title 35, United States Code §§ 100 et seq. and specifically, §§ 101, 102, 103, and/or 112 . . ..").

As another example, LevelUp recently argued ***against*** this line of trial court authority (in an unrelated matter), that Rule 8 should permit the pleading of an invalidity defense by reference only to a statutory section. The United States District Court for the District of Massachusetts disagreed, holding that, as in the cases cited above, Rule 8 prohibits a conclusory pleading of patent invalidity. *SCVNGR, Inc. v. eCharge Licensing, LLC*, No. 13-12418-DJC, 2014 WL 4804738, at *4 (D. Mass. Sept. 25, 2014) (and cases cited) (explaining that "no Federal Circuit case law hold[s] that merely 'pleading the statute' is sufficient").

As pointed out by the Massachusetts court, the Court of Appeals for the Federal Circuit[1] has never directly addressed the sufficiency of a pleading containing only a bare-bones reference to the Patent Act. The Federal Circuit has, however, agreed that such a pleading gives "little

---

[1] The law of the Federal Circuit governs the requirements for pleading defenses in patent actions. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009).

3

notice" to the patent holder of the asserted defense. *Wordtech Sys., Inc v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1322 (Fed. Cir. 2010) (holding that conclusory reference to Patent Act did not provide plaintiff notice of invalidity defense sufficient to permit co-defendants to later assert additional invalidity defenses).

The great weight of trial court precedent is now clear that pleading a defense of patent invalidity requires more than a bald reference to the Patent Act. This holding is correct. Rule 8(b) of the Federal Rules of Civil Procedure requires, like Rule 8(a), that a party pleading a defense state the grounds for the defense "in short and plain terms." The purpose of Rule 8 is to give an opponent fair notice to permit the party to respond meaningfully and participate in the proceedings. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (*overruled on other ground by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (holding that Rule 8 requires additional factual specificity)). Although Rule 8 does not require extensive factual details, "it demands more than an unadorned…accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). A party cannot rely on mere conclusions or statutory citations, but instead must allege "sufficient factual matter . . . [showing that] relief is plausible on its face." *Id*. at 1949. "Labels and conclusions," "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient. *Id*. (internal citations omitted); *see also Twombly*, 550 U.S. at 555.

Outside of the context of assertions of patent invalidity, trial courts are split on whether the heightened pleading standard of *Twombly* should apply only to Rule 8(a), or whether it should apply equally to affirmative defenses governed by Rule 8(b). *See Owen v. Am. Shipyard Co., LLC*, No. 1:15-CV-413 S, 2016 WL 1465348, at *2 (D.R.I. Apr. 14, 2016) (discussing the different approaches in the context of a negligence action involving a car accident). No appeals court has considered the issue.

The rationale cited by trial courts for declining to extend the *Twombly* holding to affirmative defenses is often that the addition of an affirmative defense, such as the defenses listed in Rule 8(c), typically does not alter the scope of the proceedings or the cost to the parties in the same way that a plaintiff's claim does. *See, e.g.*, *Owen*, 2016 WL 1465348, at *2 ("unlike boilerplate claims in a complaint, affirmative defenses generally add little marginal costs to litigation"); *Hansen v. Rhode Island's Only 24 Hour Truck & Auto Plaza, Inc.*, 287 F.R.D. 119, 123 (D. Mass. 2012) ("Discovery on affirmative defenses will add little additional cost and will be borne equally by both parties because the claim and affirmative defense involve discovery of many of the same facts.").

This rationale does not hold when considering a defense of patent invalidity. Patent invalidity is a statutory defense that can be premised on any number of statutory sections setting forth grounds and conditions to patentability, such as prior art, on-sale bar, indefiniteness, inventorship, enablement, *etc*. These myriad defenses are unrelated to the plaintiff's infringement allegations, and therefore inject substantial additional burden at all stages, including during fact discovery, claim construction, and expert discovery.

Pleading the defense of "invalidity" without specifying any particular grounds for the defense or any facts supporting the defense, only complicates matters further and compounds the burden on the plaintiff to prepare its case. For these reasons, the weight of authority in patent cases is now clear that a pleading asserting a defense of patent invalidity requires at least some specific detail to put the plaintiff on notice of the grounds for the defense. Indeed, this rule requiring greater specificity in invalidity pleadings was applied prior to the Supreme Court's decision in *Twombly*. *See Info. Planning*, 2016 WL 69902 at *5 (finding patent invalidity defense failed under both pre- and post-*Twombly* standards); *Qarbon.com*, 315 F. Supp. 2d at 1050

(decided prior to *Twombly*); *see also Obabueki v. Int'l Bus. Machines Corp.,* 145 F. Supp. 2d 371, 401 (S.D.N.Y. 2001), *aff'd,* 319 F.3d 87 (2d Cir. 2003) ("Pleading the words 'unclean hands' without more, as Choicepoint has done, is not a sufficient statement of such defense.").

In this case, Relevant's one-sentence defense, which fails to identify any patent claim, any specific statutory section, or any grounds for invalidity, does not give LevelUp any "fair notice" of the basis for the Relevant's invalidity defense(s). *See ACCO Brands*, 2011 WL 11745707, at *3. Relevant's naked citation to the entirety of the Patent Act as grounds for pleading its claim for patent invalidity gives LevelUp no opportunity to evaluate Relevant's allegations, identify and preserve responsive evidence, or prepare a meaningful response. This deficient pleading by Relevant thereby prejudices LevelUp.

Relevant's refusal[2] to amend its Second Affirmative Defense to include some factual allegation and/or grounds for the asserted invalidity is surprising, given that LevelUp and Relevant recently litigated this very same issue. Relevant asserted a similar vague and conclusory defense of patent invalidity against another LevelUp patent in the patent infringement action initiated by LevelUp in May 2015 in the United States District Court for the Eastern District of Texas. No. 15-cv-00493-JMG-KNM, Dkt. No. 26, Defense No. 2. Relevant's Answer initially asserted that: "One or more claims of the '619 patent is invalid for failing to satisfy one or more requirements of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112." *Id*. Relevant at first refused to amend its pleading in response to LevelUp's request for further detail. *Id*., Dkt. 35. Immediately after forcing LevelUp to incur the burden of preparing and filing a motion to dismiss, however,

---

[2] Prior to filing this motion, counsel for LevelUp requested that Relevant withdraw or amend its Second and Fifth Affirmative Defenses. Relevant agreed to withdraw its Fifth Affirmative Defense for "*Unenforceability Due to Inequitable Conduct*," but refused to provide any additional detail concerning its defense of patent invalidity.

Relevant agreed to the deficiency in its pleading and filed an amended pleading specifying the factual bases for its invalidity defenses. *Id.*, Dkt. No. 39. It appears that Relevant is playing the same game in this action, for the purpose of imposing burden and expense on LevelUp.

### III. CONCLUSION

For these reasons, Relevant's Second Affirmative Defense for "*Invalidity*" should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. *See* Rule 12(f) ("the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."); *Info. Planning*, 2016 WL 69902 at *5; *Sliding Door*, 2013 WL 2090298, * 4.

Dated: June 28, 2016

Respectfully submitted,

*/s/ Rachelle R. Green*
Rachelle R. Green [5870]
DUFFY & SWEENEY, LTD.
1800 Financial Plaza
Providence, RI 02903
Phone: (401) 355-0700
Fax: (401) 455-0701
Email: Rgreen@duffysweeney.com

*/s/ Brian C. Carroll*
Brian C. Carroll (pro hac vice)
SCVNGR, INC. D/B/A LEVELUP
One Federal Street, 6th Floor
Boston, MA 02110
Phone: (617) 233-4167
Fax: (617) 812-1276
Email: Brian@thelevelup.com

*Attorneys for Plaintiff SCVNGR, Inc. d/b/a LevelUp*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 28th day of June, 2016, I electronically served this document on all parties by filing it with the Clerk of Court using the CM/ECF system, which will send notification to all attorneys of record and make this document available for viewing and downloading from the ECF system.

Dated: June 28, 2016        */s/ Rachelle R. Green*
                  Rachelle R. Green

4852-7802-8084, v. 1