UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|   |   |
|---|---|
| SCVNGR, INC. d/b/a LEVELUP <br>       Plaintiff, <br><br> v. <br><br> DAILYGOBBLE, INC. d/b/a RELEVANT, <br>       Defendant. | C.A. 1:16-cv-00134-M-LDA |

## ORDER

Before the Court is a Motion for Sanctions and for Expanded Preliminary Injunction (ECF No. 46) by SCVNGR, Inc. d/b/a LevelUp ("LevelUp") against DailyGobble, Inc. d/b/a Relevant ("Relevant") for contempt of this Court's Preliminary Injunction (ECF No. 29). The Court's Preliminary Injunction, effective July 15, 2016, enjoined Relevant from "offering to sell, selling, advertising, developing applications for, or entering into any agreement or contract to provide" any mobile payment application that utilizes "the sentinel method described in U.S. Patent No. 8,924,260." *Id.* at 1(a). In addition, the Court carved out a narrow exception, allowing Relevant to continue to service clients who entered into agreements with Relevant prior to the Preliminary Injunction. *Id.* at 1(b). This exception required Relevant to—if it sought to invoke the exception—"disclose a list of those current customers or customers under contract." *Id.* at 1(c).

On July 20, 2016, five days after this Court's Preliminary Injunction, Relevant entered into an agreement for mobile payment with Pei Wei. ECF No. 48-2. LevelUp asserts that the Pei Wei agreement violates this Court's Order because Relevant executed the agreement after the Court's Preliminary Injunction. ECF No. 46-1 at 3–4; ECF No. 50-2 at 1–4. Additionally, on March 13, 2017, almost eight months after this Court's Preliminary Injunction, Relevant submitted a list to the Court identifying seven clients under contract prior to the Preliminary Injunction. ECF No. 43. LevelUp contends that Relevant's mobile payment applications for four clients—Wicked Greenz, along with Boss Coffee, Starbird, and Pollo Campero—violate this Court's Order because Relevant waited eight months to identify these clients and has failed to produce agreements. ECF No. 46-1 at 5; ECF No. 50-2 at 4–6.

The Court begins with the Pei Wei agreement. This agreement provides for mobile payment services through use of the "Relevant Application." ECF No. 48-2 at 17. Customers "display[] a unique code from the Relevant Application to the cashier who will scan the code at the register." *Id.* The mobile payment provision also notes that mobile payment "is made possible with the use of Third Party Providers NCR and Payeezy." *Id.* This language, while not describing the sentinel method, is very similar to Relevant's agreements that do utilize the sentinel method. *See* ECF No. 50-2 at 2. Relevant's CEO, Dazhi Chen, however, declared that Relevant has begun designing a non-infringing mobile payment system and never agreed to implement the infringing sentinel system for Pei Wei. ECF No. 48-

1 at ¶¶ 3, 7. As conceded in LevelUp's briefing, Relevant has not yet implemented a mobile payment application for Pei Wei. ECF No. 50-2 at 4. Because there is no evidence that the agreement with Pei Wei is for the infringing system, and because Relevant has not even implemented a mobile payment application yet, the Court does not, with regard to Pei Wei, find Relevant in violation of the Court's Preliminary Injunction.

The Court now turns its attention to the four additional clients identified in Relevant's March 13th Notice. The first issue is the almost eight-month delay in identifying the above clients. The Court's Preliminary Injunction carved out an exception for clients with existing agreements, but it required Relevant to disclose a list of exempted clients if it sought to avail itself of this carve out. ECF No. 29 at 1(c). The Court's Preliminary Injunction did not specify a date or say if Relevant was required to cease infringing operations prior to submitting the list with the Court. In light of the fact that the document agreements were previously produced to LevelUp, and in light of the ambiguity in the Court's Order, the Court does not impose sanctions for this conduct.

Next, the Court considers the agreements produced for these four additional clients identified in the March 13th Notice. Relevant entered into an agreement with Wicked Greenz—signed by Wicked Greenz on March 28, 2016, but not signed by Relevant—to provide a mobile payment application. ECF No. 48-4. Like the agreement with Wicked Greenz, the agreement produced for Starbird contained a provision for a mobile payment application and, unlike the agreement with Wicked

Greenz, both parties signed. ECF No. 48-7. Even though the Wicked Greenz agreement is not an executed agreement, the Court finds that, because this agreement is signed by the client, Relevant has sufficiently demonstrated that it had a legally enforceable agreement with Wicked Greenz prior to the Preliminary Injunction. Accordingly, Relevant properly identified Wicked Greenz and Starbird.

Relevant also produced two agreements without any contractual provisions concerning mobile payment applications: an agreement with Pollo Campero, ECF No. 48-5, and an agreement with Boss Coffee, ECF No. 48-6. The Court's Order exempts only those agreements in which the parties contracted for the infringing mobile payment application. ECF No. 29 at ¶ 1(c). As neither of these agreements contain such a provision, the Court finds that Relevant improperly identified these clients in its March 13th Notice. Despite the March 13th Notice, Relevant now states that it does not provide mobile payment services for Pollo Campero. ECF No. 48 at 5. As for Boss Coffee, Relevant maintains that it "agreed to provide mobile payment functionality" "by at least December 9, 2015." *Id.* at 5; *see also* ECF No. 48-1 at ¶ 14. Aside from the affidavit of Mr. Chen, Relevant also references ECF No. 48-8, which, as of now, is mostly a series of completely blank pages. Thus far, Relevant has failed to establish the existence of a legally enforceable agreement for a mobile payment application with Boss Coffee.

The Court orders Relevant to file with this Court, within fourteen days of this Order, evidence of a legally enforceable mobile payment agreement between Relevant and Boss Coffee. Otherwise, the Court will consider sanctions.

In conclusion, the Court DENIES LevelUp's Motion for Sanctions and for Expanded Preliminary Injunction (ECF No. 46) for: (1) Relevant entering into the mobile payment agreement with Pei Wei, (2) Relevant not disclosing its list of mobile payment clients until March 13, 2017, and (3) Relevant providing mobile payment services for Wicked Greenz, Pollo Campero, and Starbird. The Court reserves ruling on the Motion for Sanctions and for Expanded Preliminary Injunction for the mobile payment services provided to Boss Coffee.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

Date: May 8, 2017