IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SCVNGR, INC. d/b/a LEVELUP,

    Plaintiff;

v.

DAILYGOBBLE, INC. d/b/a RELEVANT,

    Defendant.

Civil Action No. 17-1857-RGA

MEMORANDUM OPINION

Carl D. Neff, and Wali Rushdan, II, FOX ROTHSCHILD LLP, Wilmington, DE; Brian C. Carroll, SCVNGR, INC. d/b/a LEVELUP, Boston, MA, attorneys for Plaintiff.

Stephen B. Brauerman & Sara E. Bussiere, BAYARD, P.A., Wilmington, DE; Hao Ni, NI, WANG & MASSAND, PLLC, Dallas, TX, attorneys for Defendant.

October 2, 2018

1


**ANDREWS, U.S. DISTRICT JUDGE:**

Plaintiff SCVNGR, Inc. d/b/a LevelUp filed a motion to dismiss Count II of its Complaint without prejudice. (D.I. 109). The Court has considered the parties' briefing. For the following reasons, the Court GRANTS Plaintiff's motion to dismiss without prejudice.

## I. BACKGROUND

Plaintiff SCVNGR, Inc. d/b/a LevelUp initiated this action against Defendant DailyGobble, Inc. d/b/a Relevant in the United States District Court for the District of Rhode Island. (D.I. 1). Plaintiff's Complaint alleged two causes of action. Count I alleges Defendant infringed U.S. Patent No. 8,924,260 ("the '260 patent"). *Id.* Count II alleges a claim for tortious interference with contractual relations under Rhode Island state law. *Id.* Defendant filed a motion to dismiss for improper venue. (D.I. 92). The Rhode Island Court then transferred the case to the this Court. (D.I. 97). Plaintiff now requests dismissal of Count II without prejudice. (D.I. 109).

## II. LEGAL STANDARD

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." "[T]he grant or denial of voluntary dismissal without prejudice is a matter of judicial discretion . . . ." *Ockert v. Union Barge Line Corp.*, 190 F.2d 303, 304 (3d Cir. 1951). A motion for voluntary dismissal without prejudice should be granted unless the dismissal will result in legal prejudice to the defendant. *Sanitec Indus., Inc. v. Sanitec Worldwide, Ltd.*, 2006 WL 890880, at *1 (D. Del. Apr. 3, 2006) (citing *DuToit v. Strategic Minerals Corp.*, 136 F.R.D. 82, 85 (D. Del. 1991)). "The mere prospect that a defendant will face a subsequent lawsuit is not

legal prejudice." *Reach & Assocs. v. Dencer*, 2004 WL 253487, at *1 (D. Del. Feb. 9, 2004) (citing *DuToit*, 136 F.R.D. at 85).

In determining whether legal prejudice will result from dismissal of the claim, "a court should consider 1) any excessive and duplicative expense of a second litigation; [2)] the effort and expense incurred by a defendant in preparing for trial; [3)] the extent to which the pending litigation has progressed; and [4)] the claimant's diligence in moving to dismiss." *Reach & Assocs.*, 2004 WL 253487, at *1 (alteration in original) (internal quotations omitted); *Peltz v. Sears, Roebuck & Co.*, 367 F. Supp. 2d 711, 715 (E.D. Pa. 2005). Plaintiff contends that the Court should look to differing factors taken from other courts and circuits (D.I. 109 at 3), but also cites to cases using the factors listed above. *Peltz*, 367 F. Supp. 2d at 715.

## III. DISCUSSION

Plaintiff argues that Defendant will not suffer legal prejudice from a dismissal without prejudice of Count II because the mere prospect of a second litigation alone does not create legal prejudice. (D.I. 109 at 4). Defendant asserts that Plaintiff is forum-shopping to force Defendant to expend time, money, and other resources on litigation in multiple venues.[1] (D.I. 110 at 4-6). Defendant further argues that Count II should not be dismissed because it "arises out of the same nucleus of operative fact" as Count I, Plaintiff's patent infringement claim. (*Id.* at 6).

Defendant has failed to show that it will suffer any legal prejudice if Plaintiff's motion to dismiss is granted. With regard to the first two factors, the effort and expense Defendant has expended on discovery related to Count II will not be wasted. Plaintiff states in its motion that it intends to refile Count II in Rhode Island state court. Any discovery related to Count II may be

---

[1] Plaintiff and Defendant currently have a pending proceeding in the E.D. Texas in addition to the current action.

3

used in defending that litigation. While Defendant argues that it has invested significant effort and time in discovery, at the time of Plaintiff's filing, the parties had only engaged in written discovery and document production. (D.I. 109 at 4; D.I. 110 at 6). Defendant also contends that permitting Plaintiff to refile Count II in Rhode Island state court will create excessive and duplicative expense because any litigation of Count II will have to determine whether Defendant's technology infringes the '260 patent. (D.I. 110 at 6-7). Plaintiff responds that Count II does not require litigation of whether the '260 patent was infringed because the elements of tortious interference with contractual relations are unrelated to infringement. (D.I. 112 at 1-2). Defendant counters that Plaintiff specifically pled Defendant's use of infringing technology to support Count II and therefore the claims "arise from the same nucleus of operative fact." (D.I. 110 at 6-7).

However, Defendant's reliance on the "same nucleus of operative fact" test is misplaced. The determination of whether claims "arise from the same nucleus of operative fact" is relevant to determine whether a federal court may exercise supplemental jurisdiction over a state law claim, not whether a motion to dismiss a state law claim without prejudice must be denied. *Compare Cindrich v. Fisher*, 341 F. App'x 780, 789 (3d Cir. 2009) (discussing whether the district court had abused its discretion in exercising supplemental jurisdiction), *with Reach & Assocs.*, 2004 WL 253487, at *1 (listing factors for determination of legal prejudice caused by voluntary dismissal). While litigation in Rhode Island state court and the instant litigation may overlap, Defendant has not shown that it creates legal prejudice beyond "[t]he mere prospect that [Defendant] will face a subsequent lawsuit." *Reach & Assocs.*, 2004 WL 253487, at *1.

Additionally, while the instant litigation had been ongoing for over two years at the time Plaintiff filed its motion to dismiss, discovery has not yet closed. There is over one year until

4

trial is scheduled to begin. This is not a case where the Plaintiff has filed a motion to dismiss on the eve of trial. Moreover, there is no evidence that Plaintiff has unreasonably delayed filing its motion to dismiss. The instant case was transferred to this Court on January 8, 2018. (D.I. 98). Plaintiff filed its motion roughly two months later, on March 15, 2018. (D.I. 109). Courts have upheld motions for dismissal without prejudice even when the movant took longer than two months to file. The docket in *Reach & Assocs.* shows that the motion to dismiss in that case was filed four months after court order dismissing some defendants for lack of personal jurisdiction. No. 02-cv-1355 (D.I. 53).

The Court finds that the Defendant will not suffer legal prejudice if Count II is dismissed without prejudice.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss Count II without prejudice is GRANTED.

A separate order will be entered.